181 N.J. Super. 105 (1981)
436 A.2d 942
FRANCO MERCANDINO, PLAINTIFF-RESPONDENT,
v.
DEVOE & RAYNOLDS, INC., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 28, 1981.
Decided October 15, 1981.
*107 Before Judges BISCHOFF, KING and POLOW.
Kasen & Kraemer, attorneys for appellant (Daniel G. Kasen of counsel and Joan A. Lovell on the brief).
Lamb, Hutchinson, Chappell, Ryan & Hartung, attorneys for respondent (Antonio D. Favetta on the brief).
PER CURIAM.
Plaintiff Franco Mercandino filed suit in the Hudson County District Court to enforce a default judgment which he had obtained against defendant Devoe and Raynolds, Inc., in Italy. Trial resulted in the entry of a judgment in plaintiff's favor, and defendant appeals, contending the Italian judgment should not have been enforced because (1) the Italian court was without jurisdiction, and (2) because the judgment was procured by fraud. We find no merit to either contention and affirm.
A judgment issued by a court of a foreign nation will be recognized in the United States courts on the basis of comity, providing the court rendering the judgment had subject matter and personal jurisdiction over the defendant and provided further that recognition will not offend the policies of the enforcing State. Hilton v. Guyot, 159 U.S. 113, 16 S.Ct. 139, 40 L.Ed. 95 (1895); Fantony v. Fantony, 21 N.J. 525, 533 (1956); Zanzonico v. Neeld, 17 N.J. 490, 495 (1955).
It is well established that the issue of jurisdiction underlying such a judgment is always open to inquiry, provided that it has not been actually and fully litigated. 47 Am.Jur.2d, Judgments, *108 § 1255 at 252; 1 Restatement, Conflict of Laws 2d, § 92 at 272-273, § 98 at 298-299 (1971); N.J.S.A. 2A:82-4. In determining whether the Italian court had jurisdiction we deem it appropriate to apply the minimum contacts test. Under this test sufficient contacts are established when a nonresident seeking to avail himself of some benefit within a state affirmatively acts in a manner which he knows or should know will result in a significant impact within the forum state. Landis v. Kolsky, 81 N.J. 430, 436 (1979); Avdel Corp. v. Mecure, 58 N.J. 264, 268 (1971); J.W. Sparks & Co. v. Gallos, 47 N.J. 295, 298-304 (1966). Although this test was developed to determine whether a judgment of a sister state is entitled to full faith and credit, it is equally applicable where a court of a foreign nation has exercised long-arm jurisdiction. See Bank of Montreal v. Kough, 612 F.2d 467, 470-471 (9 Cir.1980). In either instance, the minimum contacts standard provides assurance that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); J.W. Sparks & Co. v. Gallos, 47 N.J. at 298-304.
The record before us establishes that the defendant had a European representative, headquartered in Rotterdam, who went to Genoa and conducted talks with a representative of plaintiff. They reached an oral agreement, corroborated by correspondence whereby plaintiff was to attempt to find marketing opportunities for defendant's products in Italy. Pursuant to that agreement plaintiff performed a variety of activities which, however, were unsuccessful. Plaintiff instituted this suit to recover for its expenditure of time and money on defendant's behalf. Though defendant had notice of this suit pending in Italy, it decided not to appear there but rather to take its chances fighting in the American courts. Plaintiff obtained a default judgment in Genoa which it seeks to enforce in this pending action.
It is clear that defendant acted in a manner which it knew or should have known would result in a significant impact *109 within the jurisdiction of the Italian court, and the minimum contacts test is satisfied. Landis v. Kolsky, Avdel Corp. v. Mecure and J.W. Sparks & Co. v. Gallos, all supra.
Defendant's argument that the Italian judgment was procured by fraud is unsupported by the record and, moreover, is fundamentally misconceived. Essentially, defendant is arguing that the Italian judgment was procured by false testimony. It is clear from the record that defendant failed to establish that this is so. In addition, while a judgment of a foreign nation may be impeached for fraud, Hilton v. Guyot, 159 U.S. at 206, 16 S.Ct. at 159-60, that fraud must not relate to matters which could have been litigated, but rather must be fraud which prevented the defendant from obtaining a fair hearing before the foreign court. See 1 Restatement, Conflict of Laws 2d supra, § 98, comment g at 300, § 115, comment d at 333-334. This is the rule in New Jersey with respect to impeaching the judgment of a sister state for fraud, Puzio v. Puzio, 57 N.J. Super. 557, 570-571 (App. Div. 1959); Zelek v. Brosseau, 47 N.J. Super. 521, 532 (App. Div. 1957), aff'd o.b. at 26 N.J. 501 (1958), and we see no reason why the rule should be different for foreign nation judgments.
The judgment appealed from is affirmed.